## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

F. ALLAN MIDYETT,
   Appellant,

  v.

DEPARTMENT OF VETERANS
 AFFAIRS,
   Agency.

DOCKET NUMBER
DA-4324-15-0569-I-2

DATE: October 14, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>F. Allan Midyett</u>, Fayetteville, Arkansas, pro se.

<u>LaTasha C. Clark</u> and <u>John Michael Coleman</u>, Jackson, Mississippi, for the
 agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1  The appellant has filed a petition for review of the initial decision, which dismissed without prejudice his appeal under the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA). Generally, we

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        On June 26, 2017, the administrative judge issued an initial decision that dismissed this appeal without prejudice, subject to refiling no later than October 2, 2017, to allow the appellant a reasonable period of time to obtain another representative. *Midyett v. Department of Veterans Affairs*, MSPB Docket No. DA-4324-15-0569-I-2, Appeal File (I-2 AF), Tab 55, Initial Decision (ID) at 2. The record reflects that, prior to issuing the initial decision, the administrative judge issued an order excluding the appellant's attorney from all further proceedings in the appeal due to her unprofessional behavior during settlement discussions on the second day of the hearing. I-2 AF, Tab 54. According to the administrative judge, the appellant's attorney became physically unable to control her anger, and pointed her finger and shook it within inches of the agency attorney's face, causing the agency attorney to back away abruptly. *Id.*

¶3        On July 7, 2017, prior to the deadline for refiling his appeal on October 2, 2017, the appellant filed a petition for review. Petition for Review (PFR) File,

Tab 1. The agency has opposed the appellant's petition, and the appellant has filed a reply, PFR File, Tabs 3-4.[2]

¶4        We find that the appellant's assertions on review fail to demonstrate that the administrative judge abused her discretion in dismissing the appeal without prejudice. An administrative judge has wide discretion to dismiss an appeal without prejudice in the interests of fairness, due process, and administrative efficiency, and may order such a dismissal at the request of one or both parties, or to avoid a lengthy or indefinite continuance. *Thomas v. Department of the Treasury*, 115 M.S.P.R. 224, ¶ 7 (2010). Further, the Board has found it appropriate to dismiss an appeal without prejudice while an appellant seeks representation. *See, e.g.*, *Cloonan v. U.S. Postal Service*, 70 M.S.P.R. 226, 227-28 (1996). Thus, the record supports the administrative judge's reason for dismissing the appeal without prejudice to allow the appellant to obtain new representation.

¶5        On review, the appellant also challenges the administrative judge's ruling excluding his attorney. He contends that his attorney, who is also his wife, should be reinstated because she is the best qualified to represent him, she has represented him since 2011, and she is uniquely familiar with the many thousands of pages of documents relevant to the appeal. PFR File, Tab 1 at 3. He also appears to assert that his attorney's behavior during the settlement discussions was influenced by the fact that she was undergoing treatment for a serious

---

[2] The agency has filed a motion to strike the appellant's reply based on its erroneous belief that, absent a showing of good cause, the Board does not consider pleadings by an appellant subsequent to a petition for review. PFR File, Tab 5. The agency's motion is denied because the Board's regulations allow for a reply to a response to a petition for review. 5 C.F.R. § 1201.114(a)(4). However, such a reply must be "limited to the factual and legal issues raised by another party in the response to the petition for review." *Id.* Accordingly, we have not considered the appellant's arguments in his reply to the extent they fail to respond to the agency's arguments concerning the administrative judge's exclusion of the appellant's attorney and dismissal of the appeal without prejudice. In light of our disposition of the agency's motion, the appellant's response to the agency's motion, PFR File, Tab 6, is moot.

medical condition and, during the hearing, was experiencing symptoms of severe pain, nausea, vomiting, and hand shaking. *Id.* at 5-6. Finally, he appears to argue that he cannot afford to hire an attorney, his wife's request for assistance from the Arkansas Bar Association Lawyer Assistance Program was denied, and if forced to represent himself, he would experience stress that would exacerbate his health conditions. *Id.* at 7-9.

¶6    The record reflects that there is a pending motion to reopen the appeal, I-2 AF, Tab 46, as well as a pending motion for a decision on the written record in which the appellant sets forth these same arguments, I-2 AF, Tab 57. The administrative judge has indicated that she will consider all outstanding motions when the appeal is refiled. I-2 AF, Tab 54 at 2 n.1, Tab 58. We find that the issues of whether, and in what context, the appellant's attorney should be allowed to participate in the proceeding, and/or whether the hearing should be reconvened are most appropriately addressed in the first instance by the administrative judge. The administrative judge has broad discretion to control the proceedings before her. *See Fritz v. Department of Health & Human Services*, 87 M.S.P.R. 287, ¶ 15 (2000); 5 C.F.R. § 1201.41(b); *see also Ryan v. Department of the Air Force*, 117 M.S.P.R. 362, ¶ 5 (2012) (finding that the Board ordinarily will not reverse an administrative judge's rulings regulating the proceedings absent an abuse of discretion); *Pecard v. Department of Agriculture*, 115 M.S.P.R. 31, ¶ 15 (2010) (observing that the abuse of discretion is a very high standard and allows for great deference).

¶7    On review, the appellant also contends that the administrative judge erred in failing to continue the hearing after his attorney was nauseous and became suddenly ill during the hearing as a result of treatment for her serious medical condition. PFR File, Tab 1 at 6-7. However, the record does not reflect that the appellant ever requested to continue the hearing. The appellant's remaining arguments on review are essentially an attempt to reach the merits of the appeal, which are irrelevant to the issue here of whether the administrative judge abused

her discretion in dismissing the appeal without prejudice to refiling. *See Gingery v. Department of the Treasury*, 111 M.S.P.R. 134, ¶ 11 (2009). When an appeal is dismissed without prejudice to refiling, the Board will not consider arguments raised on review concerning matters that should be considered by the administrative judge once the appeal has been refiled. *See, e.g.*, *Lewis v. Department of the Air Force*, 69 M.S.P.R. 40, 44 (1995).

¶8      As noted, the appellant filed his petition for review prior to the deadline the administrative judge set for him to refile his appeal. In similar cases, we have construed the appellant's petition for review as notice of the appellant's intent to refile his appeal. *See, e.g.*, *King v. Department of the Army*, 84 M.S.P.R. 235, ¶ 5 (1999). Accordingly, we forward this matter to the Dallas Regional Office for docketing as a timely refiled appeal.[3]

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should

---

[3] Based on our finding, we need not reach the issue of whether this USERRA appeal is barred under the doctrines of res judicata or collateral estoppel due to the appellant's previous USERRA appeal dismissed by the Board and/or civil actions he filed in the United States District Court for the Western District of Arkansas. *See Midyett v. Department of Veterans Affairs*, MSPB Docket No. DA-4324-12-0568-I-1, Initial Decision (Mar. 8, 2013).

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                           /s/ for
                              _____
                              Jennifer Everling
                              Acting Clerk of the Board
Washington, D.C.